UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Tucker,

Plaintiff,

v.

City of Duluth,

Defendant.

Court File No. 13-cv-3074 (MJD/LIB)

**ORDER AND**
**REPORT AND RECOMMENDATION**

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Remand to State Court and Conditional Motion to Dismiss, [Docket No. 28], and Defendant's Motion to Compel, Motion for Sanctions, and Motion to Alter/Amend/Correct Other Orders, [Docket No. 39]. This case has been referred to the undersigned Magistrate Judge for a report and recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a motion hearing on August 14, 2014, regarding the parties' motions.

On the record at the motion hearing, Plaintiff orally modified his Conditional Motion to Dismiss, [Docket No. 28], to a Motion to Voluntarily Dismiss which Plaintiff requested the Court consider before ruling on the Motion to Remand to State Court, [Docket No. 28].

For reasons that follow, the Court recommends that Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28], be **GRANTED**, and that Plaintiff's Motion to Remand to State Court, [Docket No. 28], be **GRANTED**.

## I. BACKGROUND AND STATEMENT OF FACTS

### A. Background

Plaintiff Mark Tucker ("Plaintiff") initially filed this suit against Defendant City of Duluth ("Defendant") in the Sixth Judicial District of the State of Minnesota, alleging disability discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C.§§ 12101-12213, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.01 *et seq*. Defendant removed the case to federal court on November 18, 2013. (Pl.'s Notice of Removal, [Docket No. 1]). On July 7, 2014, Plaintiff filed this motion seeking a remand of the matter to state court. (See Pl.'s Mot. to Remand, [Docket No. 28]). Along with that motion, Plaintiff filed a Conditional Motion to Dismiss, [Docket No. 28], pledging to voluntarily withdraw his ADA claim in the event the Court granted the Motion to Remand to State Court, [Docket No. 28]. Also before the Court at the motion hearing were Defendant's Motion to Compel, Motion for Sanctions, and Motion to Alter/Amend/Correct Other Orders, [Docket No. 39].

On the record at the motion hearing, the Court observed that, as Plaintiff's motions were originally presented, the Court had no discretion to recommend remanding the matter while Plaintiff continued to plead a federal cause of action. See generally Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996). Plaintiff then orally modified his Conditional Motion to Dismiss, [Docket No. 28], into a Motion to Voluntarily Dismiss his federal claim under the ADA with prejudice, and asked the Court to consider his modified motion before the Motion to Remand to State Court, [Docket No. 28]. Defendant stated that it did not oppose Plaintiff's modified Motion to Voluntarily Dismiss with prejudice.

**B. Facts**

The record presently before the Court indicates that Plaintiff is, and has for a number of years been, an employee of Defendant. (Pl.'s Notice of Removal, [Docket No. 1], Attachment 1, ¶ 1). Plaintiff alleged that, as a result of a hostile work environment, he developed several medical conditions, the severity of which varied over time. (Id., ¶¶ 4-7, 9, 11-12, 23). Plaintiff further alleged those conditions prompted his medical providers on multiple occasions to recommend various restrictions on his ability to work, for which Defendant made accommodations. (Id., ¶¶ 8-9, 11-13, 15, 17-18). According to Plaintiff, however, Defendant questioned the medical necessity for the accommodations on at least one occasion, and spoke with one of Plaintiff's medical providers without Plaintiff's knowledge or consent on a second occasion. (Id., ¶¶ 16, 21). Plaintiff further alleges that some of the accommodations made by Defendant were selected without Plaintiff's knowledge or consent. (Id. ¶¶ 18-19). According to Plaintiff, after he returned to work, Defendant eliminated the position Plaintiff has traditionally worked during a reduction in force and has not allowed Plaintiff to work in a position which provides a similar level of pay since. (Id., ¶¶ 26, 29-32). Plaintiff eventually filed the present suit in state court in October 2013.

The parties agree that, should Plaintiff's Motion to Voluntarily Dismiss with prejudice be granted, it will have a dispositive effect on his pending federal claim.

On January 14, 2014, Plaintiff, represented by different counsel than in the present case, filed suit against two of his medical providers in the Sixth Judicial District of the State of Minnesota. (See Pl.'s Memorandum in Support of Motion to Remand, [Docket No. 29], 1-2). Plaintiff asserts the matter presently before the Court and the matter in the state court "involve the same or similar fact disputes, fact witnesses, and expert witnesses." (Id. at 2). As a result,

Plaintiff seeks to have the case presently before the Court remanded to state court so that he may seek to consolidate the remaining state law claims in the two matters. (Id. at 3).

## II.     PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS, [DOCKET NO. 28]

As modified on the record at the motion hearing, Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28], asks the Court to grant him leave to dismiss his pending ADA claim with prejudice. Plaintiff brings his motion pursuant to Rule 41 of the Federal Rules of Civil Procedure. (See Id., at 5). A motion to dismiss fewer than all of the claims against a defendant in an action, however, is better construed as a motion for leave to amend the pleadings under Rule 15. See Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed. Cir. 1987)(quotations and citations omitted)("But while often dubbed a rule 41(a) voluntary dismissal, the procedure [whereby a court grants plaintiff's motion to dismiss one count of a multi-count complaint] is more properly viewed as a Rule 15 amendment to the complaint."); see also Envtl. Dynamics, Inc. v. Robert Tyer & Assocs., Inc., 929 F.Supp. 1212, 1227–28 (N.D.Iowa.1996) (citations omitted)("[Plaintiff's] motions for partial summary judgment 'dismissing' some, but not all, of its claims . . . must be construed as having been brought not pursuant to Fed.R.Civ.P. 41(a)(2), but pursuant to Fed.R.Civ.P. 15.").

### A.     Standard of Review

Pursuant to Rule 15(a)(2), once a party is no longer entitled to amend his pleadings as a matter of course, the party may amend his pleadings only with consent of the opposing party or by leave of the Court. Fed.R.Civ.P. 15(a)(2).

### B.     Analysis

On the record at the motion hearing, Defendant indicated it did not oppose Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28], as modified. The Court construes Defendant's

lack of opposition to the motion as consent. In addition, the Court concludes leave should be granted to Plaintiff to amend his complaint to dismiss the pending ADA claim with prejudice.

Typically, Rule 15(a)(2) requires that a motion for leave to amend should be freely granted "whenever justice so requires." Fed.R.Civ.P. Rule 15(a)(2). Plaintiff, however, has filed his motion to amend his pleadings after the deadline set forth in this Court's scheduling order for doing so.[2] When a party seeks to amend pleadings outside of the time period established by the scheduling order, the standard for ruling on the motion is set forth by Rule 16(b) and is whether Plaintiff has demonstrated good cause for the Court to allow the amendment. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012).

The Eighth Circuit has indicated that the "primary measure of good cause under Rule 16(b) is the movant's diligence in attempting to meet the scheduling order's requirements." Id. (quoting Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)). The Eighth Circuit has also indicated that courts need not consider prejudice to the non-moving party "if the movant has not been diligent in meeting the scheduling order's deadlines," though prejudice remains a relevant factor. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008)(citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

The Court notes, however, that the cases in which courts of the Eighth Circuit have employed this narrow good cause analysis are distinguishable because those cases all involved the moving party seeking leave to amend to *add* to the pleadings. See, e.g., Popoalii, 512 F.3d at 497 (affirming denial of motion to amend to add claim); SmithCo Mfg. Inc. v. Haldex Brake Products Corp., 267 F.R.D. 250, 254 (N.D. Iowa 2010)(denying motion to amend to add claims); see also Sherman, 532 F.3d at 717 (considering appeal of grant of motion to amend to add

[2]The deadline for parties to amend their pleadings was March 31, 2014. (See [Docket No. 9]).

defense); Martinez v. U.S. Bank, C12-0077, 2013 WL 5565502 (N.D. Iowa Oct. 8, 2013) (denying motion to amend pleadings to add a defense); J. Lloyd Int'l, Inc. v. The Testor Corp., C08-0134, 2010 WL 148610 (N.D. Iowa Jan. 13, 2010)(denying motion to amend to add an allegation to the complaint). Here, Plaintiff seeks to amend his pleading to *dismiss* a claim with prejudice.  Accordingly the Court concludes that, while Plaintiff must still demonstrate good cause to amend his pleading, Plaintiff's diligence in attempting to do so is not the primary criterion. See Forslund v. Stryker Corp., CIV. 09-2134 (JRT/JJK), 2011 WL 1868181 (D. Minn. May 12, 2011)(concluding a plaintiff's expressed desire to move beyond the pleadings stage and to promote the just, speedy, and inexpensive determination of the action constituted good cause to allow a plaintiff to amend pleadings to withdraw a claim after the deadline set for amending pleadings).

      The dismissal of one of Plaintiff's claims with prejudice at this stage of the proceedings serves efficiency and the issue-narrowing purpose of pretrial discovery and proceedings. See Mawby v. United States, 999 F.2d 1252, 1254 (8th Cir. 1993) (listing narrowing the issues for trial as one purpose of modern discovery procedure).  In addition, the Court concludes Plaintiff has been sufficiently diligent with respect to bringing this motion which, if granted, will efficiently and effectively dispose of his pending ADA claim with prejudice, as it was brought months before the deadline for dispositive motions. See Planned Parenthood Minnesota, N.D. v. Daugaard, 946 F. Supp. 2d 913, 918 (D.S.D. 2013)(finding plaintiff sufficiently diligent when motion to amend pleadings to voluntarily dismiss claim was filed after the deadline to amend pleadings but before dispositive motions deadline).  When considered together with the fact that the motion for dismissal of Plaintiff's pending ADA claim with prejudice is brought with Defendant's consent, the Court concludes the above listed circumstances constitute good cause

to allow Plaintiff to amend his pleadings to dismiss his ADA claim with prejudice. Therefore, the Court recommends **GRANTING** Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28].

## III. PLAINTIFF'S MOTION TO REMAND TO STATE COURT, [DOCKET NO. 28]

As the Court's recommendation to grant Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28], would dispose of the sole federal claim in the present matter, the Court may now properly consider Plaintiff's Motion to Remand to State Court, [Docket No. 28].

### A. Standard of Review

In pertinent part, 28 U.S.C. § 1367(c)(3) sets forth that a district court may decline to exercise supplemental jurisdiction over pendent state law claims if the "court has dismissed all claims over which it has original jurisdiction." In deciding, as a matter of the court's discretion, whether to remand a case to state court once the basis for federal original jurisdiction has been dismissed, courts consider "factors such as judicial economy, convenience, fairness and comity." Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009) (quoting Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1249 (8th Cir. 2006)).

### B. Analysis

As of the date of the motion hearing, the deadline for discovery in this present case had not yet lapsed, and the parties represented that there is some amount of overlap between this matter and the matter pending in state court. Further, the deadlines for discovery in the two matters are similar; as are the trial dates. Accordingly, the judicial economy consideration weighs neither heavily in favor of remand nor continuing to exercise supplemental jurisdiction. The convenience consideration, however, weighs slightly in favor of remanding the matter to state court as there is some admitted overlap between the two matters, which implies some of the same witnesses and same evidence will need appear in each case. As a result, there is some

potential for added convenience and savings in affording the possibility of the matters being consolidated in state court; though the Court need not at this time decide how great that potential may be. The comity consideration does, however, weigh significantly in favor of remand. The state court is eminently capable of providing the parties with the guarantees of due process and is fully competent to decide the sole remaining state law issues in this case. See Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., 302 B.R. 620, 629 (N.D. Iowa 2003)(opining that state court system is the "undisputed expert" in applying state law); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000)("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'")(quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990)).

At the motion hearing, Defendant argued in favor of the Court continuing to exercise supplemental jurisdiction over the state claim, arguing it would be unfairly prejudiced if the Court remanded the matter because the matter here was in the late stages of discovery. The Court disagrees.

As noted above, the deadlines for discovery and the trial dates in both this case and the related state court matter are similar. In addition, in response to Defendant's pending motion to compel, Plaintiff acknowledged that he had an obligation to provide Defendant with the discovery sought in that motion, and represented he would provide said discovery regardless of the forum which would ultimately hear this present case. Further, the Court notes that other courts of this district have remanded state claims in similar circumstances, even when the remand occurred much later in the proceedings. See, e.g., Doucette v. Morrison Cnty., Minn., 12-CV-00373 ADM/LIB, 2013 WL 2359660 (D. Minn. May 29, 2013)(remanding state claims to state court after dismissing federal claims pursuant to a summary judgment motion), aff'd, 13-

2424, 2014 WL 3973082 (8th Cir. Aug. 15, 2014). Accordingly, the Court concludes the mere fact that the motion seeking remand was brought in the late stages of discovery does not cause the Defendant any unfair prejudice, and thus, the fairness consideration does not weigh against remand.

On the basis of the present record, the balance of the factors to be considered favors remanding the matter to the state court. Therefore, the Court recommends **GRANTING** Plaintiff's Motion to Remand to State Court, [Docket No. 28].

## IV. DEFENDANT'S MOTION TO COMPEL, MOTION FOR SANCTIONS, MOTION TO AMEND/ALTER/CORRECT OTHER ORDERS, [DOCKET NO. 39]

Because the Court recommends that the Motion to Remand to State Court, [Docket No. 28], be **GRANTED**, Defendant's Motion to Compel, Motion for Sanctions, and Motion to Alter/Amend/Correct Other Orders, [Docket No. 39], are moot. Accordingly the Court hereby **DENIES** Defendant's Motion to Compel, Defendant's Motion for Sanctions, and Defendant's Motion to Alter/Amend/Correct Other Orders, [Docket No. 39], as moot and without prejudice.

## IV. CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion to Voluntarily Dismiss, [Docket No. 28], be **GRANTED**; and,
2. Plaintiff's Motion to Remand to State Court, [Docket No. 28], be **GRANTED**.

B. Based on the foregoing and all the files, records, and proceedings herein**, IT IS HEREBY ORDERED,** that Defendant's Motion to Compel, Motion for Sanctions, and

Motion to Alter/Amend/Correct Other Orders, [Docket No. 39] are **DENIED** as moot and without prejudice.

Dated: September 5, 2014

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 19, 2014** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by October 3, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.